**Karuna CHAUHAN, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–72405.**

United States Court of Appeals, Ninth Circuit.

Submitted: June 14, 2005.\*\*

Decided: June 17, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jeffrey Martins, Law Office of Jeffrey Martins, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Thankful T. Vanderstar, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM ***

Karuna Chauhan, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's denial of asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

■ In her petition, Chauhan contends that the harassment and discrimination she experienced as an Indo–Fijian demonstrated past persecution. We disagree. Not only did Chauhan concede during the removal hearing that she failed to show past persecution, she also alleged that she did not intend to show past persecution. Further, substantial evidence supports the BIA's conclusion that her treatment does not rise to the level of past persecution. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

■ Substantial evidence also supports the BIA's conclusion that Chauhan failed to demonstrate a well-founded fear of future persecution. Chauhan's fear that she will be victimized and raped because she is an Indo–Fijian woman is not supported by credible, direct, or specific evidence in the record. *See Arriaga–Barrientos v. INS,* 937 F.2d 411, 413 (9th Cir.1991); *see also Singh v. INS,* 134 F.3d 962, 967 (9th Cir. 1998).

■ Because Chauhan failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1031 (9th Cir.2000).

PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.